1  KINDRA DENEAU (State Bar No. 024156)
2  7135 East Camelback Rd., Suite 230
   Scottsdale, Arizona 85251
3  Telephone:  (480) 306-5977
4  Facsimile:  (602) 626-3504

5  *Of Counsel to*
6  Lemberg & Associates LLC
   A Connecticut Law Firm
7  1100 Summer Street
8  Stamford, CT  06905
   Telephone:  (203) 653-2250
9  Facsimile:  (203) 653-3424

10
   Attorneys for Plaintiff,
11 Mark Radtke

12

13

14
                IN THE UNITED STATES DISTRICT COURT
15
                 FOR THE DISTRICT OF ARIZONA
16

17

18 Mark Radtke,                          Case No.:

19            Plaintiff,

20      vs.                              **COMPLAINT**

21
22 National Credit Systems, Inc.; and DOES
   1-10, inclusive,
23
24            Defendants.

25

26

27

28

For this Complaint, the Plaintiff, Mark Radtke, by undersigned counsel, states as follows:

## JURISDICTION

1.    This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2.    Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4.    The Plaintiff, Mark Radtke (hereafter "Plaintiff"), is an adult individual residing in Phoenix, Arizona, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.    The Defendant, National Credit Systems, Inc. (hereafter "National"), is a Georgia business entity with a mailing address of P.O. Box 312125, Atlanta, GA 31131, and a registered agent at 2180 Satellite Blvd., Suite 400, Duluth, GA 30097,

operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.     Does 1-10 (the "Collectors") are individual collectors employed by National and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.     National at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.     The Debt**

8.     The Plaintiff incurred a financial obligation (the "Debt") to the original creditor P.M. Club at Coldwater Springs Avondale, LLC (the "Creditor").

9.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to National for collection, or National was employed by the Creditor to collect the Debt.

11.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

3

**B.      <u>National Engages in Harassment and Abusive Tactics</u>**

12.     National has been placing regular calls to Plaintiff in an attempt to collect the Debt for the past two (2) years.

13.     Plaintiff and his ex-fiancé were co-signors on an apartment lease (the Debt).

14.     National has incorrectly claimed that a court determined that Plaintiff's ex-fiancé was not responsible for the Debt, in an attempt to collect the Debt from Plaintiff.

15.     Contrary to National's representation, the original creditor obtained a judgment against both Plaintiff and his ex-fiancé.

16.     National has threatened to take legal action against Plaintiff in an attempt to collect the Debt, including the filing of a lawsuit and garnishment of Plaintiff's wages. No such action has been taken to date.

17.     National demanded that Plaintiff pay the supposed balance of $5,700.00 when in actuality the amount of the original creditor's judgment is only $2,904.72.

18.     Plaintiff has requested that National provide him with written correspondence so that he can assess if the amount of the Debt is correct.

19.     National has failed to provide this information to Plaintiff.

20.     National has claimed that Plaintiff is "refusing to pay the Debt" when Plaintiff has just requested additional information about the Debt.

4

21.     National has used rude and abusive language when speaking with Plaintiff. In one instance, National demanded for him to pay to show whether "he was man."

**C.     Plaintiff Suffered Actual Damages**

22.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

23.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

24.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et seq.

25.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26.     The Defendants used profane and abusive language when speaking with the consumer, in violation of 15 U.S.C. § 1692d(2).

5

27.     The Defendants misrepresented the character, amount and legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

28.     The Defendants threatened the Plaintiff with garnishment if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

29.     The Defendants threatened to take legal action, without actually intending to do so, in violation of 15 U.S.C. § 1692e(5).

30.     The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

31.     The Defendants attempted to collect an amount not authorized by the agreement creating the debt, in violation of 15 U.S.C. § 1692f(1).

32.     The Defendants failed to send the Plaintiff a validation notice stating the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

33.     The Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the debt was owed, in violation of 15 U.S.C. § 1692g(a)(2).

34.     The Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the debt within thirty days, in violation of 15 U.S.C. § 1692g(a)(3).

35.     The Defendants failed to send the Plaintiff a validation notice informing the

Plaintiff of a right to have verification and judgment mailed to the Plaintiff, in

violation of 15 U.S.C. § 1692g(a)(4).

36.     The Defendants failed to send the Plaintiff a validation notice containing the

name and address of the original creditor, in violation of 15 U.S.C. § 1692g(a)(5).

37.     The foregoing acts and omissions of the Defendants constitute numerous and

multiple violations of the FDCPA, including every one of the above-cited provisions.

38.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the

Defendants:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the

Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C.

§1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorney's fees pursuant to

15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages from the Defendants for the all suffered as a result

of the intentional, reckless, and/or negligent FDCPA violations in an

amount to be determined at trial for the Plaintiff;

7

E.  Punitive damages; and

F.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  February 17, 2011                    KINDRA DENEAU


By: ___/s/  *Kindra Deneau*_____
Kindra Deneau

Attorney for Plaintiff
Mark Radtke